UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSE SERRANO, ON
BEHALF OF HIMSELF AND
THOSE SIMILARLY
SITUATED,

CASE NO.:

Plaintiff,

vs.

BROTHERS B PAINTING,
LLC, A GEORGIA LIMITED
LIABILITY COMPANY, AND
OMAR BETANCUR,
INDIVIDUALLY,

Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSE SERRANO, on behalf of himself and those similarly situated, by and through the undersigned attorney, sues the Defendants, BROTHERS B PAINTING, LLC, a Georgia Limited Liability Company, and OMAR BETANCUR, Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other

1

relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff worked as an hourly paid painter for Defendants from approximately February 2012 to August 2014.

3. While working for Defendants, Plaintiff was paid $12 per hour for all hours worked.

4. Plaintiff worked for Defendants in Gwinnett County, Georgia, among other locations.

5. Defendant, BROTHERS B PAINTING, LLC, is a Georgia Limited Liability Company that operates and conducts business in, among others, Gwinnett County, Georgia and is therefore, within the jurisdiction of this Court.

6. At all times relevant to this action, OMAR BETANCUR was an individual resident of the State of Georgia, who owned and operated BROTHERS B PAINTING, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of

2

BROTHERS B PAINTING, LLC. By virtue of having regularly exercised that authority on behalf of BROTHERS B PAINTING, LLC, OMAR BETANCUR is an employer as defined by 29 U.S.C. § 201, et seq.

7. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly paid painter who worked for Defendants at any time within the past three (3) years within the State of Georgia.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

9. During Plaintiff's employment with Defendants, Defendant, BROTHERS B PAINTING, LLC, earned more than $500,000.00 per year in gross sales.

10. During Plaintiff's employment with Defendant, Defendant, BROTHERS B PAINTING, LLC, employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11. Included in such goods, materials and supplies were paint materials and supplies, brushes, ladders, vehicles, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

12. Therefore, Defendant, BROTHERS B PAINTING, LLC, is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

13. At all times relevant to this action, Defendants failed to comply with the FLSA by misclassifying Plaintiff and their other painters as independent contractors and by failing to pay overtime compensation to Plaintiff and the other painters for overtime hours worked.

14. During their employment with Defendants, Plaintiff and the other painters were paid by the hour.

15. If Plaintiff and the other painters worked overtime hours, they were only paid their regular hourly rate for such overtime hours worked, not a full overtime rate.

16. Defendants classified Plaintiff and their other painters as

4

independent contractors.

17. However, Defendants controlled Plaintiff and the other painters" job duties.

18. Defendants selected the jobs to accomplish, materials to use, and how many painters were involved for each job.

19. Since Plaintiff and the other painters were paid by the hour, they could not use their managerial skill to increase their profits from their work with Defendants.

20. Defendants provided all equipment and materials used by Plaintiff and the other painters.

21. In fact, Defendants would even transport Plaintiff and other painters to the job site in Defendants' vehicles at times.

22. Plaintiff and the other painters' jobs duties were simply to paint the structures and assignments given to them, they did not need a professional license or certain amount of schooling to perform their job.

23. Plaintiff's work performed for Defendants lasted approximately 2.5 years, and was not temporary employment.

24. Defendants operate a painting business, and the painters they

5

utilized (including Plaintiff) were an integral part of Defendants' business because without the painters, Defendants would not be paid by their customers.

25. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and the other painters are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above.

27. Plaintiff and those similarly situated employees are/were entitled to be paid overtime compensation for their overtime hours worked.

28. During their employment with Defendants, Plaintiff and those similarly situated painters were misclassified as independent contractors and were only paid "straight time" for overtime hours worked instead of complete overtime compensation. *See* ¶¶ 13-24.

29. Defendants did not have a good faith basis for their decision to

6

classify Plaintiff and the other painters as independent contractors.

30. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated painters complete overtime compensation, Plaintiff and those similarly situated painters have suffered damages plus incurring reasonable attorneys' fees and costs.

31. As a result of Defendants' willful violation of the FLSA, Plaintiff and those similarly situated painters are entitled to liquidated damages.

32. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JOSE SERRANO, on behalf of himself and those similarly situated, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 12th day of December, 2014.

_____

C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:(407) 420-1414
Facsimile: (407) 245-3401
Email:     RMorgan@forthepeople.com
*Attorneys for Plaintiff*